UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENT COPELAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case no. 4:19cv00115 PLC |
| ) | |
| HEALTHCARE REVENUE RECOVERY ) | |
| GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a motion to stay summary judgment pending discovery filed by Defendant Healthcare Revenue Recovery Group, Inc. ("motion to stay") [ECF No. 23]. Plaintiff Kent Copeland opposes Defendant's motion [ECF No. 25].

1. **Background**

Plaintiff filed an amended complaint seeking monetary relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. [ECF No. 10]. Specifically, Plaintiff alleges that he telephoned Defendant in response to a letter Defendant sent Plaintiff in an attempt to collect Plaintiff's payment of a bill for medical services Plaintiff received. See Pl.'s am. compl. ¶¶ 5, 14 [ECF No. 1]. During the telephone conversation, Plaintiff asked "whether or not this [unpaid bill] was hurting his credit" and Defendant's representative allegedly responded that the unpaid bill "was on Plaintiff's credit and that it had been on Plaintiff's credit." Id. ¶¶ 17, 18. Plaintiff asserts this statement: (1) was "a false threat as Defendant was not at that time credit reporting Plaintiff," and (2) "was not only false and deceptive, b[ut] designed to be harassing in an effort to elicit payment from Plaintiff through false threats." Id. ¶¶ 19, 20. Plaintiff further alleges that Defendant's "false threat" to "credit report" Plaintiff constituted: "harassing conduct

in the collection of the debt" as proscribed by 15 U.S.C. § 1692d; a "false, deceptive, and misleading" tactic to collect the debt as proscribed by 15 U.S.C. § 1692e; and, because Defendant "had no intention of credit reporting," an "unfair and unconscionable practice[]" to collect the debt as proscribed by 15 U.S.C. § 1692f. Id. ¶¶ 26a, 26b, and 26c, respectively. Defendant filed an answer to Plaintiff's amended complaint.

In his motion for summary judgment, Plaintiff seeks entry of judgment in his favor on the issue of liability[1] with respect to Defendant's alleged violations of Section 1692e.[2] In particular, Plaintiff specifies that Defendant's challenged statement violated 15 U.S.C. Sections 1692e(2)(A), 1692e(8) and 1692e(10). To support entry of summary judgment in Plaintiff's favor, Plaintiff filed a statement of uncontroverted facts, his declaration, and a recording ("in CD format") of the April 2018 telephone conversation between Plaintiff and Defendant's representative. Plaintiff argues "the undisputed facts establish that Defendant made a misleading, false threat [during the April 2018 telephone conversation] that Plaintiff was being credit reported when Plaintiff was in fact not being credit reported." Defendant made that false, misleading statement, Plaintiff urges, "to confuse Plaintiff and elicit payment" of the debt.

Plaintiff urges the Court must assess Defendant's undisputed and allegedly misleading or false communication from the perspective of an unsophisticated consumer and "grant summary judgment when collection activity 'on its face violates the [FDCPA] . . . even in the absence of extrinsic evidence.' Bode v. Encore Receivables Mgmt., Inc., No. 05-CV-1013, 2007 WL

---

[1] In his motion, Plaintiff states he "reserves the right to have his damages . . . determined at trial."

[2] Because Plaintiff seeks summary judgment with respect to liability on his claim that Defendant's challenged statement violates 15 U.S.C. § 1692e only, and does not present issues regarding any alleged violation of Sections 1692d or 1692f, the Court declines to consider Plaintiff's claims under 15 U.S.C. §§ 1692d and 1692f at this time.

2493898, at *4 (E.D. Wis. Aug. 30, 2007)." Plaintiff contends the only issue the Court needs to resolve with respect to Plaintiff's summary judgment motion is whether Defendant's challenged statement violates Section 1692e (2)(A), (8) or (10).

Instead of filing timely opposition to Plaintiff's summary judgment motion, Defendant filed its motion to stay under Federal Rule of Civil Procedure 56(d). Defendant asks the Court to stay the summary judgment motion proceedings until Defendant (1) takes the depositions of Plaintiff "and other relevant parties," including "Plaintiff's bankruptcy attorney," who Plaintiff retained prior to the April 2018 telephone call, as to the circumstances surrounding that telephone call and (2) has time to resolve discovery disputes.[3] In particular, Defendant points out that, in Plaintiff's statement of uncontroverted facts supporting his motion for partial summary judgment and his accompanying declaration, Plaintiff states that Defendant's challenged statement: (1) "caused [Plaintiff] to believe" Defendant was reporting the debt since March 2018 and harming Plaintiff's "credit score and history," and (2) led Plaintiff to understand "that Defendant was attempting to get [Plaintiff] to pay the debt" despite Plaintiff's dispute of the debt. Defendant contends it needs "further discovery" to "properly respond to these statements" and "needs to depose Plaintiff as to these alleged 'beliefs' and 'understandings.'" More specifically, Defendant asserts it needs "disclosure as to the circumstances surrounding the [April 2018] telephone call, including the location of the call, the identification of all individuals (including attorneys) present during [or participating in] the call, and instructions or scripts utilized during the call."

---

[3] Defendant asserts that Plaintiff objected to and did not answer interrogatories and requests for production reportedly seeking information about the circumstances surrounding the April 2018 telephone call. The record does not contain interrogatories, requests for production, or motions to compel regarding any discovery dispute between the parties.

In support of its motion to stay, Defendant submitted an affidavit of its attorney. Defendant's attorney's affidavit supports Defendant's position that Plaintiff's answers to Defendant's discovery requests regarding "the circumstances of the [April 2018] telephone call . . . may impeach Plaintiff's affidavit, and demonstrate that Plaintiff never believed that the loan was being reported to a credit bureau." Therefore, Defendant's attorney avers: "In order to mount a reasonable defense and fully respond to Plaintiff's Partial Motion for Summary Judgment, Defendant must be given time to take depositions, and seek [Plaintiff's] Supplemental/Amended Responses" to Defendant's interrogatories and requests for production.

Plaintiff counters that Defendant has not satisfied its burden under Rule 56(d) because "the information Defendant claims it needs to obtain to respond to Plaintiff's [summary judgment m]otion is irrelevant to any claim or defense" under the FDCPA. Plaintiff cites McHugh v. Valarity, LLC, No. 4:14-CV-858 JAR, 2014 WL 6772469 (E.D. Mo. Dec. 1, 2014) (addressing an FDCPA claim under 15 U.S.C. § 1692g(b)) in support of his position.

2. **Discussion**

Rule 56(d) provides that a court may "allow time . . . to take discovery" when "a [litigant] shows by . . . affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment. Importantly, Rule 56(d) "does not require trial courts to allow parties to conduct discovery" before entering summary judgment and a district court has "wide discretion" in resolving a Rule 56(d) motion. Anzaldua v. Northeast Ambulance and Fire Prot. Dist., 793 F.3d 822, 836 (8th Cir. 2015) (internal quotation marks and citations omitted)); accord GEICO v. Isaacson, No. 18-2273, 2019 WL 3505601, at *4 (8th Cir. Aug. 2, 2019) ("A district court has 'wide discretion' in considering a Rule 56(d) motion" (internal citation omitted)); Johnson v. Moody, 903 F.3d 766, 772 (8th Cir. 2018) (noting appellate review

of the district court's wide discretion in resolving a Rule 56(d) motion is "very deferential" (internal quotation marks and citation omitted)).

To support the granting of a Rule 56(d) motion, a litigant must provide more than "an unspecific assertion" that more time is needed to respond to the summary judgment motion and, instead, must "show he would benefit from further discovery" by stating "with specificity what evidence further discovery would uncover." Anzaldua, 793 F.3d at 837. In particular, the litigant seeking a stay of a summary judgment motion must demonstrate how postponement of a ruling on the summary judgment motion will enable the litigant "by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." Toben v. Bridgestone Retail Operations, LLC, 751 F.3d 888, 894 (8th Cir. 2014) (internal quotation marks and citations omitted).

Plaintiff opposes Defendant's motion to stay on the ground the circumstances surrounding the telephone call are irrelevant, citing McHugh, supra. In McHugh, the Eastern District considered the defendant debt collector's argument that its challenged conduct during a telephone conversation with the plaintiff consumer "did not give rise to an FDCPA violation because [the plaintiff] was not an unsophisticated consumer." McHugh, 2014 WL 6772469, at *2. In particular, the plaintiff "placed the call to [the defendant] from her attorney's office with her attorney present. The call was made on her phone with the speakerphone function activated and recorded using a recording device given to [the plaintiff] by her attorneys." Id. Notwithstanding the Eastern District's characterization of the use of the FDCPA in the case as "more in the nature of a sword" than as a "shield [for] consumers against debt collection abuses," the Eastern District held the objective "unsophisticated consumer standard" applied. Id. at *3. Applying that standard, the Eastern District concluded that "the plaintiff]'s subjective knowledge of her rights or the

circumstances surrounding her phone call has no bearing on any claim or defense under the Act." Id. The Eastern District granted the plaintiff's motion for partial summary judgment on the issue of liability under Section 1692g(b) of the FDCPA (and denied the defendant's cross-motion for summary judgment). Id. Specifically, the Eastern District found it "unlikely" that the defendant's challenged statements during a telephone conversation would allow "a hypothetical unsophisticated consumer [to] understand that she could still dispute the debt once she had made payment arrangements (or even a payment)." Id.

While the Court does not now resolve the extent to which the circumstances of the April 2018 telephone call may help to resolve Plaintiff's FDCPA claims under 15 U.S.C. § 1692e, the Court notes that in support of his summary judgment motion, Plaintiff makes declarations regarding his "belief" and "understanding" resulting from Defendant's representative's challenged statement during that telephone conversation. Therefore, the Court finds it reasonable to permit Defendant to engage in discovery to ascertain the circumstances surrounding the April 2018 telephone call and Plaintiff's resulting "belief" and "understanding" before resolving Plaintiff's summary judgment motion.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Defendant's motion to stay summary judgment pending discovery [ECF No. 23] is **GRANTED**.

**IT IS FURTHER ORDERED** that, on or before October 31, 2019, Defendant shall file its response to Plaintiff's motion for partial summary judgment. The October 23, 2019 deadline

for completing discovery and the October 31, 2019 deadline for filing dispositive motions, remain in full force and effect.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of August, 2019